UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,                Case No. 21-cv-12676

v.                                   Paul D. Borman
                                   United States District Judge

RONALD G. PARKS, individually;
RONALD G. PARKS, as Successor
Personal Representative of the ESTATE
OF MERLE L. PARKS; RONALD G.
PARKS, as Trustee for the RONALD G.
PARKS REVOCABLE LIVING TRUST
DATED APRIL 13, 2006; and
MADELINE M. PARKS,

             Defendants.

_____/

## OPINION AND ORDER
## (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 13), AND
## (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIMELINESS OF § 2032A ELECTION (ECF NO. 14)

This is a civil action relating to a dispute over alleged unpaid federal estate tax liabilities of the Estate of Merle L. Parks. Now before the Court are Defendants' Motion for Summary Judgment (ECF No. 13) and Plaintiff's Motion for Partial Summary Judgment on Timeliness of § 2032A Election (ECF No. 14). Both motions address the issue of the timeliness of an election for special use valuation under 26 U.S.C. § 2032A of the Internal Revenue Code made on the estate tax return of the

Estate of Merle L. Parks.[1] Both motions have been fully briefed, and the Court held a hearing on the motions on Thursday, November 10, 2022, at which time the Court took the two motions under advisement.

For the reasons that follow, the Court DENIES Plaintiff's motion for partial summary judgment and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Background

On July 24, 2003, Merle L. Parks executed his Last Will and Testament, which named his brother, Elmer R. Parks, as personal representative, and his nephew, Defendant Ronald G. Parks, as successor personal representative. (ECF No. 1, Compl. ¶ 8.)[2] Merle's Will, aside from two specific devisements to his brother and to a church that are not at issue here, devised all "personal effects and equipment" and "all the residue and remainder" of Merle's estate to Ronald. (*Id.*) The Will further "direct[ed] that all estate taxes … that may be assessed or become payable

---

[1] The Civil Case Management and Scheduling Order in this case provides for this early dispositive motion practice "on timeliness of § 2032A election." (ECF No. 12.)
[2] For convenience and clarity, the Court will refer to the various members of the Parks family by their first names.

because of [Merle's] death shall be paid out of the residuary estate passing under this will." (*Id.* ¶ 9.)

On August 8, 2003, six weeks before Merle's death, Merle and Ronald established the Parks Family Limited Liability Company, LLC ("Parks Farm LLC"), with Merle owning a 98% membership interest in the LLC and Ronald owning a 2% membership interest. (Compl. ¶ 10 (explaining that the name of the "Parks Family Limited Liability Company, LLC" was later changed to "Parks Farm Company, LLC" in 2004).) That same day, Merle executed a quitclaim deed transferring three parcels of working farmland situated in the Township of Berlin, St. Clair County, Michigan, ("The Parks Farm Property") to the Parks Farm LLC for consideration of less than $100. (*Id.* ¶¶ 6, 11.)

Merle died on September 19, 2003. (Compl. ¶¶ 12-13.) Under the terms of Merle's Will, Ronald inherited the three parcels of working farmland (the Parks Farm Property), as well as the residuary estate cash, savings instruments, retirement accounts, stocks, and bonds. (*Id.* ¶¶ 25, 37-38.) According to the Complaint, Defendant Ronald, in concert with his wife, Defendant Madeline M. Parks, subsequently caused transfers to the Parks Farm Property, through a series of quitclaim deeds, to himself, his wife, entities that he controlled, and ultimately to the Defendant Trust, for which Ronald acts as Trustee. (*Id.* ¶¶ 15-18.)

3

Pursuant to 26 U.S.C. § 6075(a), the Estate of Merle Parks's (the "Estate") Form 706 tax return was due on May 19, 2004 (nine months after Merle's death). The Estate requested and received one six-month extension to file the tax return (pursuant to 26 U.S.C. § 6081(a)), by December 19, 2004. (Compl. ¶ 22.) On June 22, 2004, the Estate made an estate tax prepayment of $333,959.00 to the United States, but it did not file a tax return with that prepayment. (*Id.* ¶ 23.) Moreover, the Estate did not file its Form 706 tax return by the extended due date for the return of December 19, 2004, (*id.* ¶ 22), and it did not seek any further extension of time to file a return.

Instead, in February 2010, over five years after the Estate's tax return deadline (as extended), the Estate filed its tax return on Form 706. (Compl. ¶ 23) (ECF No. 14-1, Form 706 Return, PageID.199-234.) The return reported a total gross estate in the amount of $1,703,173.00, and taxable estate of $1,664,059.00. (Compl. ¶ 24) (Form 706 Return, PageID.199.) The Estate's tax return included an election under Internal Revenue Code Section 2032A, 26 U.S.C. § 2032A, which in certain circumstances allows the value of qualified farm property to be adjusted downward through a special use valuation. (Compl. ¶¶ 26-28) (Form 706 Return, PageID.204.) The Estate's return adjusted the value of the farm property under § 2032A down

4

from the assigned fair market value of the property.[3] The Estate's Form 706 Return then claimed an overpayment of taxes (based on its prior June 2004 tax prepayment) in the amount of $87,838.00. (Compl. ¶ 24.)

Following the filing of the Estate's tax return, the Internal Revenue Service selected the return for examination. On October 23, 2012, the IRS sent a Notice of Deficiency to the Estate, identifying additional taxes owed in the amount of $199,111.00. (Compl. ¶ 31.) The Notice of Deficiency stated that "the [special use valuation] election under Internal Revenue Code section 2032A is not allowed because it was untimely filed," and the Notice increased the taxable estate by the amount the property had been adjusted down by the special use valuation. (ECF No. 14-2, Notice of Deficiency, PageID.239.) The Notice also asserted an additional tax of $27,818.25 in a late-filing penalty. (*Id.*)

---

[3] The Estate's Form 706 Return adjusted the value of the farm property under § 2032A by $359,151.00, as compared to a fair market value it assigned as $1,131,200.00. (Form 706 Return, PageID.204.) The United States asserts that the Estate's Form 706 Return contains computational errors, and that the return actually adjusted the value of the farm property under § 2032A by $433,773.00, as compared to its assigned fair market value. (ECF No. 14, Pl.'s Mot. Partial S.J. at p. 3, fn.2, PageID.182.) The correctness of these figures is not material to the issue currently before the Court.

These tax penalties remain unpaid, and Plaintiff alleges that the balance due, as of October 15, 2021 (one month prior to the filing of the Complaint in this action), is $433,654.66. (Compl. ¶ 32.)

### B.   Procedural History

On November 15, 2021, Plaintiff, the United States of America, at the direction and request of a delegate of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brought this civil action against Defendants Ronald G. Parks, individually, as Successor Personal Representative of the Estate of Merle L. Parks, and as Trustee for the Ronald G. Parks Revocable Living Trust Dated April 13, 2006, and Ronald's wife, Madeline M. Parks, to collect the asserted unpaid tax liabilities of the Estate of Merle L. Parks, and to enforce the resulting tax liens through a judicial sale of the Parks Farm Property. (ECF No. 1, Compl.)

Defendants filed their Answer to the Complaint on March 15, 2022. (ECF No. 9, Answer.) In their Answer, Defendants admit that the Estate's tax return was filed over five years late, but assert that the § 2032A election for special use valuation was timely made pursuant to 26 C.F.R. § 22.0(b) because the election was made on the Estate's first-filed Form 706 return, and that Defendants therefore owe no taxes, penalties, or interest to the Plaintiff or the Internal Revenue Service.

The April 13, 2022, Civil Case Management and Scheduling Order in this case provides for early dispositive motions, limited to the issue of the "timeliness of [a] § 2032A election." (ECF No. 12, Order, PageID.80.)

As permitted by that Case Management Order, Defendants filed a motion for summary judgment on June 16, 2022, arguing that the Estate's special use valuation election under 26 U.S.C. §2032A was valid when Defendants attached it to their first-filed Form 706 tax return, even though the return was filed late. (ECF No. 13, Defs.' Mot.) On July 7, 2022, Plaintiff filed a Response in opposition to Defendants' motion (ECF No. 15, Pl.'s Resp.), and Defendants filed a reply brief on July 14, 2022 (ECF No. 17, Defs.' Reply).

On June 17, 2022, Plaintiff filed a motion for partial summary judgment on the timeliness of the Estate's § 2032A election, arguing that the special use valuation election on the Estate's Form 706 tax return filed over five years late is not a timely or valid election. (ECF No. 14, Pl.'s Mot.) On July 8, 2022, Defendants filed a response in opposition to Plaintiff's motion (ECF No. 16, Defs.' Resp.), and Plaintiff filed a reply brief on July 22, 2022. (ECF No. 18, Pl.'s Reply).

## II.  LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of a motion for summary judgment where proof of that fact 'would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.'" *Dekarske v. Fed. Exp. Corp.*, 294 F.R.D. 68, 77 (E.D. Mich. 2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party." *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At the same time, the non-movant must produce enough evidence to allow a reasonable jury to find in his or her favor by a preponderance of the evidence, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute does not suffice to create a triable case." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (quoting *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Instead, "the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*,

519 F.3d 587, 601 (6th Cir. 2008) (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted).

"The standards … for summary judgment do not change when, as here, 'both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment.'" *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)). That evidence must be capable of presentation in a form that would be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

9

### III.  ANALYSIS

The parties agree that the sole issue to be decided by the Court, under both Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment, is whether an election for special use valuation under § 2032A of the Internal Revenue Code, made for the first time on an estate tax return filed over five years late, is timely and valid.

Plaintiff argues that the Estate's § 2032A election, made on an estate tax return filed over five years after the due date for the return (as extended), was untimely and the Estate was not entitled to special use valuation, thereby establishing the amount of tax liability. (ECF No. 14, Pl.'s Mot.)

Defendants argue that the Estate's § 2032A special use valuation election, attached to the late-filed Form 706 tax return, is valid because the election was made in accordance with Temporary Treasury Regulation Section 22.0(b), which provides that elections under Section 2032A(d)(1) are valid even if the estate tax return is not timely filed, so long as the election is made on the first filed tax return.

### A.    Overview of Relevant Statutory and Regulatory Provisions

Estate tax is generally based on the fair market value of the taxable property, which is valued at the property's highest and best use. 26 U.S.C. § 2001; *Estate of McCoy v. C.I.R.*, 809 F.2d 333, 333 (6th Cir. 1987); *LeFever v. C.I.R.*, 100 F.3d 778,

782 (10th Cir. 1996). Section 2032A of the Internal Revenue Code, 26 U.S.C. §

2032A, allows for special valuation of certain estate property used for farming or a

trade or business that is inherited by certain family relations, to be valued on the

basis of the property's *actual use* at the time of the decedent's death, rather than on

the basis of its highest and best (or fair market value) use, for federal estate tax

purposes, resulting in lower estate taxes. With Section 2032A, Congress intended to

protect the heirs of family farms and small family businesses from being forced to

sell the farms or businesses to pay federal estate taxes. *LeFever*, 100 F.3d at 782

(citing *Whalen v. United States*, 826 F.2d 668, 669 (7th Cir. 1987)). As counsel for

Defendants stated at the hearing, § 2032A is a tax decreasing statute to benefit

owners of family farms and family businesses, not a revenue generating statute. To

maintain the benefits of the special use valuation election, qualified heirs must, for

10 years following the date of death, continue to put the property to the same

qualifying use to which it was put at the date of the decedent's death. 26 U.S.C. §

2032A(c)(1)(B).

　　The following is a brief overview of the relevant statutory and regulatory

provisions at issue in this case.

### 1.   The original 26 U.S.C. § 2032A (1976)

Congress first added Section 2032A to the Internal Revenue Code in the Tax Reform Act of 1976, which required, at that time, that an election "shall be made not later than the time prescribed by section 6075 for filing the return of tax imposed by section 2001 (including extensions thereof)…." 26 U.S.C. § 2032A(d)(1) (1976). Section 6075(a) provided that the return was to be filed within nine months of the decedent's death. 26 U.S.C. § 6075(a). Thus, under this original, 1976 version of the statute, a taxpayer was required to make a Section 2032A election on a tax return filed within nine months after the date of the decedent's death (including extensions thereof). *See Estate of McCoy v. Comm'r*, T.C. Memo. 1985-509, *aff'd*, 809 F.2d 333 (6th Cir. 1987).

### 2.   Treasury Regulation § 20.2032A-8 (July 31, 1980)

Pursuant to the 1976 Tax Reform Act, on July 31, 1980, the Treasury Secretary issued Treasury Regulation § 20.2032A-8, which provides, in relevant part:

> An election under this section is made by attaching to a ***timely filed estate tax return*** the agreement…. If neither an election nor a protective election is timely made, special use valuation is not available to the estate. See sections 2032A(d)(1), 6075(a), and 6081(a).

26 C.F.R. § 20.2032A-8(a)(3) (emphasis added). This Regulation has not changed and remains the same today.

12

### 3.  26 U.S.C. § 2032A is amended in 1981

Congress amended Section 2032A in the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. No. 97-34 (1981), to expressly remove the requirement in § 2032A(d)(1) that an election be made "not later than the time prescribed … for filing the return," and to instead require that:

> The election under this section **shall be made on the return of the tax** imposed by section 2001. Such election shall be made **in such manner as the Secretary shall by regulations prescribe**. Such an election, once made, shall be irrevocable.

26 U.S.C. § 2032A(d)(1) (emphases added) (1981).

As noted in Plaintiff's motion for partial summary judgment, "[t]he House Ways and Means Committee's report on the bill explained, '[t]he committee believes that qualified heirs should not be deprived of the benefits of the current use valuation solely because the decedent's estate tax return is filed after the date on which it is due.'" (ECF No. 14, Pl.'s Mot., PageID.186, citing ECF No. 14-4, H.R. Rep. No. 97-201, at 171 (July 24, 1981), PageID.284.) The Committee further stated that:

> [E]lections to specially value property **must be made on the decedent's estate tax return** rather than by the due date of the return as under [then] present law. **Therefore, the election is permitted to be made on a late return, if that return is the first estate tax return filed by the estate**….

(H.R. Rep. No. 97-201, at 171 (July 24, 1981), PageID.284 (emphases added).)

13

This amended version of Section 2032A was in effect on the date of decedent Merle Parks's death in 2003, and continues to be in effect today.

### 4.   Temporary Treasury Regulation § 22.0 (1981)

As stated above, Section 2032A(d)(1), as amended in 1981 pursuant to the Economic Recovery Tax Act, directs the Secretary to prescribe regulations to establish the manner in which the special use valuation election is to be made.

Shortly after the 1981 Economic Recovery Tax Act was passed, the Secretary did just that and promulgated "Temporary Estate Tax Regulations" which "applie[d] to the election of special use valuation for qualified real property under section 2032A(d)(1)," and provided that "[t]his election shall be made in the manner prescribed in § 20.2032A-8(a)(3) *except that the election shall be valid even if the estate tax return is not timely filed*." 26 C.F.R. § 22.0(b) (emphasis added).

Thus, this temporary regulation expressly amends or modifies Treas. Reg. § 20.2032A-8(a)(3)'s requirement of a making a special use valuation election on a "timely filed estate tax return," by keeping the requirement that the special election be made "on the decedent's tax return," but removing the requirement that the return be filed timely. However, § 22.0(b) does not otherwise provide an expiration date by which a return with an election must be filed. Temporary Treasury Regulation § 22.0 is effective "with respect to estates of decedents dying after 1981." *Id.* § 22.0(d).

14

### 5.      Treasury Regulation § 301.9100-2 (1997)

On December 31, 1997, sixteen years after Temp. Treas. Reg. § 22.0 was

prescribed, the Secretary promulgated Treasury Regulation § 301.9100-2, providing

"automatic extensions" to make certain regulatory elections, including elections

under § 2032A. 26 C.F.R. § 301.9100-2. This regulation provides, in relevant part:

> An automatic extension of 12 months from the due date for making a
> regulatory election is granted to make elections described in paragraph
> (a)(2) of this section *provided the taxpayer takes corrective action as
> defined in paragraph (c) of this section within that 12-month
> extension period*. For purposes of this paragraph, the due date for
> making a regulatory election is the extended due date of the return if
> the due date of the election is the due date of the return or the due date
> of the return including extensions and the taxpayer has obtained an
> extension of time to file the return. *This extension is available
> regardless of whether the taxpayer timely filed its return for the year
> the election should have been made*.

26 C.F.R. § 301.9100-2(a)(1) (emphases added).

Temporary Treas. Reg. § 22.0(b) and Treas. Reg. § 301.9100-2 are at the heart

of the parties' dispute in this case.

### B.      The Parties' Arguments Regarding the Applicability of Temporary Treasury Regulation § 22.0(b) in This Case

The parties agree that 26 U.S.C. § 2032A(d)(1) provides that special use

valuation elections "shall be made in such manner as the Secretary shall by

regulations prescribe," and that Treasury Regulation 26 C.F.R. § 20.2032A-8(a)(3),

enacted in 1980 (under the prior version of § 2032A that contained the statutory

15

deadline), set forth the requirements for making a Section 2032A election, stating "[a]n election under this section is made by attaching to a *timely filed* estate tax return the agreement … and a notice of election." (emphasis added). Temporary Treasury Regulation § 22.0(b), enacted in 1981, after the passage of the Economic Recovery Tax Act of 1981, expressly modifies § 20.2032A-8(a)(3) and provides that an "election shall be valid even if the estate tax return is not timely filed." 26 C.F.R. § 22.0(b).

The parties also agree that Defendants filed the Estate's Form 706 Tax Return five years late, and thus Defendants did not file a "timely" estate tax return. The parties disagree, however, as to whether Defendants may claim a special use valuation election made for the first time on that late-filed tax return, pursuant to Temp. Treas. Reg. § 22.0(b).

Plaintiff argues that the Estate cannot make an election for the first time on a tax return filed over five years late, and that Defendants therefore are not entitled to special use valuation under § 2032A. Plaintiff asserts that Temp. Treas. Reg. § 22.0(b) was not intended to be permanent, and that it was in fact superseded first by Revenue Procedure 92-85, which provided standards for granting extensions of time to make elections – "to provide relief to taxpayers who reasonably and in good faith fail to make a timely election when granting relief will not prejudice the interests of

16

the government" (ECF No. 14-4, Rev. Proc. 92-85, PageID.294-301). The Court notes that Revenue Procedure 92-85 does not mention Temp. Treas. Reg. § 22.0(b), much less state that it supersedes that Temporary Regulation.

Plaintiff states next that the Secretary implemented Treasury Regulation § 301.9100-2 in 1997, which Plaintiff asserts supersedes Revenue Procedure 92-85 and Temp. Treas. Reg. § 22.0(b). Section 301.9100-2 grants "[a]n automatic extension of 12 months from the date for making a regulatory election," specifically including § 2032A elections, among others, and states that "[t]his extension is available regardless of whether the taxpayer timely filed its return for the year the election should have been made." 26 C.F.R. § 301.9100-2(a)(1) and (2).

Plaintiff thus contends that, pursuant to Treas. Regs. §§ 20.2032A-8(a)(3) and 301.9100-2, Defendants were required to file an estate tax return seeking the special use valuation election no later than 12 months after the due date for the return – which Plaintiff contends is the extended due date provided by § 301.9100-2 for such an election.

Plaintiff further argues that, even if Temp. Treas. Reg. § 22.0(b) was not "completely superseded" by § 301.9100-2, the Temporary Regulation cannot be interpreted to permit a § 2032A election "to be made literally forever."

17

Defendants argue that Temp. Treas. Reg. § 22.0(b) has not been superseded but remains in force today, and that the Estate's special use valuation election on its late-filed Form 706 tax return was proper under § 2032A and § 22.0(b) because the special use valuation election was included with Defendants' *first-filed* tax return, even though that tax return was filed late. Defendants contend that Temp. Treas. Reg. § 22.0(b) expressly provides that an election "shall be valid even if the estate tax return is not timely filed," and further that the Instructions to the Form 706 estate tax return state "You may make the election on a late filed return so long as it is the first return filed." Defendants disagree that Treas. Reg. § 301.9100-2 governs in this case and includes a deadline schedule of 12 months from the original due date for the return, with extensions, for all late-filed Form 706 tax returns that include an election under § 2032A.

### C.   Treasury Regulation § 301.9100-2 Does Not Supersede Temporary Treasury Regulation § 22.0(b)

Plaintiff first presents a rather cursory, one-paragraph argument in its motion for partial summary judgment that Temp. Treas. Reg. § 22.0(b) has been superseded and is no longer in force, even though the Treasury Department has not formally removed § 22.0(b) from the Code of Federal Regulations. (ECF No. 14, Pl.'s Mot., PageID.192.) Plaintiff contends that the 1981 temporary regulation implementing § 22.0(b) stated: "The temporary regulations provided by this document will remain

in effect until superseded by later temporary or final regulations relating to these elections." 46 Fed. Reg. 54,538.[4] Plaintiff also asserts that Treas. Reg. § 301.9100-2 was promulgated in 1997, and that it "relates" to § 2032A elections, specifically referring to and extending "the due date for making a regulatory election" under § 2032A. Plaintiff argues that Treas. Reg. § 301.9100-2 thus supersedes Temp. Treas. Reg. § 22.0(b).

Defendants argue that Temp. Treas. Reg. § 22.0(b) has never been superseded, even by § 301.9100-2, and that Plaintiff "cites zero support (authoritative or otherwise)" for its assertion that it has. Defendants state that § 22.0 is still in existence and contained in the most recent Code of Federal Regulations. Defendants contend that while § 22.0(b) and § 301.9100-2 both discuss elections under § 2032A, those regulations are not mutually exclusive. According to Defendants, § 301.9100-2 comes into play only when an estate tax return has been filed but the taxpayer failed to make the election under § 2032A, and that the regulation provides the taxpayer with the ability to still make the election within a 12-month period from the

---

[4] The Court notes that 46 Fed. Reg. 54,538 addressed not just Temp. Treas. Reg. § 22.0 and special use valuation under § 2032A, but also a number of other temporary regulations relating to certain other elections under various sections of the Internal Revenue Code of 1954 and the Economic Recovery Tax Act of 1980, at Part 5c. (ECF No. 14-4, PageID.286-89.)

due date of the tax return, so long as the IRS has not yet begun an examination of the filed return. (ECF No. 16, Defs.' Resp., PageID.391, 393-94.)

Defendants argue that, § 22.0(b), on the other hand, comes into play when the Form 706 tax return has not yet been filed, and permits the special use valuation election to be made on the *first filed* return, even if it is filed late. Defendants cite to excerpts from several secondary sources in support (various tax reporters and publications), all generally stating that a special use valuation election "may be made on a late filed return, so long as it is made on the first estate tax return filed by the estate," and citing § 22.0(b) as support. (See ECF Nos. 16-5 through 16-8.) Two of those sources go on to note further that the time for filing the election can be automatically extended for a 12-month period under certain circumstances, citing § 301.9100-2. (ECF Nos. 16-5 and 16-8.) Defendants argue, therefore, that Treas. Reg. § 301.9100-2 does not supersede Temp. Treas. Reg. § 22.0, and that § 301.9100-2 is inapplicable under the facts of this case.

The Sixth Circuit Court of Appeals recently summarized the framework by which to engage in regulatory interpretation:

> [C]ourts "begin [their] interpretation of the regulation with its text." *Green v. Brennan*, 578 U.S. 547, 136 S. Ct. 1769, 1776, 195 L.Ed.2d 44 (2016). "[A] fundamental canon of statutory construction is that 'when interpreting statutes, the language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.'" *Thompson v. Greenwood*, 507

F.3d 416, 419 (6th Cir. 2007) (quoting *United States v. Boucha*, 236
F.3d 768, 774 (6th Cir. 2001)). The same logic applies to interpretation
of  regulatory language. *See Kisor v. Wilkie*, —— U.S. ——, 139 S. Ct.
2400, 2414, 204 L.Ed.2d 841 (2019). We therefore deploy the standard
tools of interpretation. *See, e.g.*, *Nat'l Ass'n of Home Builders v. Defs.
of Wildlife*, 551 U.S. 644, 688-69, 127 S.Ct. 2518, 168 L.Ed.2d 467
(2007) (invoking the canon against surplusage in the interpretation of
regulatory language); *Long Island Care Home, Ltd. v. Coke*, 551 U.S.
158, 170, 127 S.Ct. 2339, 168 L.Ed.2d 54 (2007) (using the canon that
the specific controls the general in construing regulatory language). If
a regulation's meaning is plain, the court must give the "it effect, as the
court would any law," *Kisor*, 139 S. Ct. at 2415, and the court's inquiry
into the regulatory meaning is over, *In re Laurain*, 113 F.3d 595, 597
(6th Cir. 1997); *cf. Bostock v. Clayton Cnty.*, —— U.S. ——, 140 S. Ct.
1731, 1749, 207 L.Ed.2d 218 (2020). We may look to agency guidance
if the language is ambiguous, but typically, "before concluding that a
rule is genuinely ambiguous, a court must exhaust all the 'traditional
tools' of construction." *Kisor*, 139 S. Ct. at 2415 (citing *Chevron U.S.A.
Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9, 104 S.Ct.
2778, 81 L.Ed.2d 694 (1984)).

*Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*,

32 F.4th 548, 557-58 (6th Cir. 2022).

The Court finds, applying these rules of regulatory interpretation, that Plaintiff

has failed to demonstrate that Temp. Treas. Reg. § 22.0(b) has been superseded by

Treas. Reg. § 301.9100-2. Plaintiff has failed to cite <u>any</u> authority or support for its

argument that § 22.0(b) has been superseded by § 301.9100-2, and the Court has not

found any authority that §22.0(b) has been superseded or that the temporary

regulation otherwise is not still in force. Indeed, Temp. Treas. Reg. § 22.0 continues

to be included in the current Code of Federal Regulations.

21

According to the Internal Revenue Manual, "Temporary regulations are issued to provide immediate guidance to the public and IRS and Counsel employees prior to publishing final regulations," and "are effective when published by the Office of the Federal Register." (Internal Revenue Manual 32.1.1.2.3 (2018), https://www.irs.gov/irm/part32/irm_32-001-001#idm140524209775152.)[5]   Courts have held that temporary regulations have binding effect and are entitled to the same weight as final regulations. *See Freightliner of Grand Rapids. Inc. v. United States*, 351 F. Supp. 2d 718, 721 (W.D. Mich. 2004) (citing *Hospital Corp. of Am. v. C.I.R.*, 348 F.3d 136, 140-41 (6th Cir. 2003) and *E. Norman Peterson Marital Trust v. Comm'r*, 78 F.3d 795, 798 (2d Cir. 1996)); *see also Greenberg v. C.I.R.*, 10 F.4th 1136, 1157 (10th Cir. 2021) (recognizing that temporary regulations are entitled to the same weight accorded to final regulations) (citing *Peterson Marital Trust v. Comm'r,* 102 T.C. 790, 797 (1994), *aff'd*, 78 F.3d 795 (2d. Cir. 1996); *UnionBanCal*

---

[5] Section 7805 of the Internal Revenue Code currently provides that "[a]ny temporary regulation shall expire within 3 years after the date of issuance of such regulation." 26 U.S.C. § 7805(e)(2). However, § 7805(e)(2) applies only to regulations issued after November 20, 1988. *See Hewlett-Packard Co. & Consol. Subsidiaries v. C.I.R.*, 139 T.C. 255, 265 n.15 (2012) (citing Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100–647, § 6232(a), 102 Stat. 3734), *aff'd*, 875 F.3d 494 (2017). Temp. Treas. Reg. § 22.0 was issued in 1981, well before the effective date of § 7805(e)(2).

*Corp. v. C.I.R.*, 305 F.3d 976, 985 n.52 (9th Cir. 2002) (collecting cases); *Truck & Equip. Corp. v. Comm'r,* 98 T.C. 141, 149 (1992)).

In addition, the final regulation for § 301.9100-2, Extensions of Time to Make Elections, following notice and comment procedures, 62 Fed. Reg. 68,167 (Dec. 31, 1997) (codified at 26 C.F.R. § 301.9100-0 *et seq.*), does not mention Temp. Treas. Reg. § 22.0(b), much less supersede it. That final regulation does, however, discuss temporary regulations §§ 301.9100-1T, 301.9100-2T, and 301.9100-3T, and expressly state that *those* temporary regulations "are removed." (ECF No. 14-4, 62 Fed. Reg. 68,167, PageID.303-09.) In addition, those three temporary regulations provided that they "adopt and revise the standards for relief provided in Rev. Proc. 92-85," and discuss the temporary regulations' "effect on other documents," listing additional revenue procedures, but, like the final regulation, those temporary regulations did not mention, much less supersede, Temp. Treas. Reg. § 22.0. *See* 61 Fed. Reg. 33365-01.

Further, as Defendants correctly point out, in 2019, the Department of the Treasury expressly eliminated "296 regulations that are no longer necessary because they do not have any current or future applicability under the Internal Revenue Code and amend 79 regulations to reflect the removal of the 296 regulations," and Temp. Treas. Reg. § 22.0 was not included on that list. (ECF No. 16, Defs.' Resp., fn. 1,

23

PageID.395, citing 84 Fed. Reg. 9231-01, 2019 WL 1168298 (Mar. 14, 2019).) In fact, Defendants point out that Temp. Treas. Reg. § 22.0 is cited in Treas. Reg. 301.9100-21 as an existing and effective Temporary Treasury Regulation "regarding elections under various other tax acts[.]" (ECF No. 17, Defs.' Reply PageID.442) (26 C.F.R. § 301.9100-21, References to other temporary elections under various tax acts.)

Accordingly, the Court finds that Temp. Treas. Reg. § 22.0 has not been superseded by Treas. Reg. § 301.9100-2, but rather remains in force. In addition, as discussed next, Temp. Treas. Reg. § 22.0(b) and Treas. Reg. § 301.9100-2 are not necessarily mutually exclusive – such that the implementation of § 301.9100-2 would necessarily cancel or replace § 22.0 – but rather, the two regulations can be read in harmony with each other.

### D. Because Temp. Treas. Reg. § 22.0 is not Superseded, How Do § 22.0(b) and § 301.9100-2 Apply?

Plaintiff argues that, even if Temp. Treas. Reg. § 22.0(b) is not superseded by Treas. Reg. § 301.9100-2, then the Court must interpret all of the regulations in "harmony" such that a taxpayer is not permitted an unlimited time to make an election, but instead must make that election either with a timely filed estate tax return (under Treas. Reg. § 20.2032A-8-(a)(3)), or pursuant to the automatic 12-month extension of *that time period*, so long as the IRS has not started an

24

examination (under § Treas. Reg. § 301.9100-2), but no longer. (ECF No. 14, Pl.'s Mot., PageID.193 (stating that "a *timely election* can be on an *untimely return* (or after a filed return as long as it is done within 12 months following the extended due date for a return and provided the IRS has not started an examination…").) Plaintiff states that Defendants in this case did not meet either deadline. The Court observes that under this interpretation of the regulations, Plaintiff simply ignores Temp. Treas. Reg. § 22.0(b) and its express amendment of the election deadline in § 20.2032A-8(a)(3).

Plaintiff argues that Temp. Treas. Reg. § 22.0(b) states only that "the election shall be valid even if the estate tax return is not timely filed," and that an interpretation of Temp. Treas. Reg. § 22.0(b) as wholly eliminating the § 2032A election deadline would render the deadline schedule set out by the other regulations meaningless and lead to an "absurd result" (the filing of an election "many years or decades – even centuries – late"). (ECF No. 14, Pl.'s Mot., PageID.194.) Plaintiff continues that § 22.0(b) does not affirmatively state that there is no deadline for an election under § 2032A, and then argues that § 301.9100-2 now provides that deadline – 12 months after the due date for the return, as extended.

Plaintiff contends that Treas. Reg. § 301.9100-2 "explicitly reaffirmed" the existence of the "due date" for an election (as prescribed by Treas. Reg. § 20.2032A-

8), and clarifies that the "due date for making a regulatory election" is the "extended due date of the return," and that the election deadline is then further extended by 12 months. (*Id.* PageID.195.) According to Plaintiff, "[r]ather than permanently eliminat[ing] the regulatory due date for a § 2032A election, Temp. Treas. Reg. § 22.0(b) just distinguished the timeliness of the election from the timeliness of the return until a more permanent and balanced election-timeliness provision could be designed," which Plaintiff asserts the Secretary did, sixteen years later, in Treas. Reg. § 301.9100-2. (ECF No. 18, Pl.'s Reply, PageID.453).)

Plaintiff relies on the language in Treas. Reg. § 301.9100-2 that the "due date for making a regulatory election" is the "extended due date of the return," which Plaintiff asserts is further extended by 12 months. (ECF No. 14, Pl.'s Mot., PageID.195) However, a fair reading of the "due date" language in § 301.9100-2(a) that Plaintiff relies on reveals that it is limited to the "due date" for granting an "automatic extension" under the regulation, "provided the taxpayer takes corrective action," not the due date to make any election:

> … ***For purposes of this paragraph (a)*** [granting an automatic extension of 12 months from the due date for making a regulatory election], the due date for making a regulatory election is the extended due date of the return, ***if*** the due date of the election is the due date of the return ***or*** the due date of the return including extension, ***and*** the taxpayer has obtained an extension of time to file the return.

26 C.F.R. § 301.9100-2(a) (emphases added).

26

Defendants argue that each Treasury Regulation is distinctly different and results in different outcomes for taxpayers, and that the regulations work "hand-in-hand" together to provide additional relief or benefits for taxpayers seeking to make an election under § 2032A. Defendants contend that the regulations, read together, provide that the deadline for making a special use valuation election is either:

> (1) with a timely filed Form 706 tax return (pursuant to Treas. Reg. § 20.2032A-8(a)(3));
>
> (2) within 12 months of a filed Form 706 tax return, if the tax return is not under audit (pursuant to Treas. Reg. § 301.9100-2(a)(2)(vii)); OR
>
> (3) with the first filed Form 706 tax return, if the tax return is being filed late (pursuant to Temp. Treas. Reg. § 22.0(b) and the Instructions to the Form 706).

(ECF No. 16, Defs.' Resp., PageID.395.) Defendants contend that their interpretation of Treas. Reg. § 301.9100-2 – as applying when a taxpayer files a tax return but initially fails to include the special use valuation election – is supported by the two examples contained in § 301.9100-2 that the Secretary included in the regulation to "illustrate the provisions of this section." The Court agrees. In both examples provided by the Secretary in the regulation, the taxpayer failed to make an election when filing his tax return on the due date for the return. In each example, the taxpayer was permitted to "make the regulatory election by taking the corrective action of filing an amended return" with the appropriate election form within either

27

12 or 6 months from the due date of the return. *See* 26 C.F.R. § 301.9100-2(e), Examples.[6]

According to Defendants, Treas. Reg. § 301.9100-2 does not apply in this case because the late-filed Estate Form 706 tax return filed by Defendants included the election under § 2032A, resulting in no "corrective action" being required. The Court further notes that § 301.9100-2 provides that the extension "is available regardless of whether the taxpayer ***timely filed*** its return," not "whether the taxpayer timely ***files*** its return," lending support to Defendants' argument that § 301.9100-2 only applies when a taxpayer has "timely filed" a tax return but initially fails to include the special use valuation election with the return.

In Defendants' reply brief in support of their motion for summary judgment, Defendants provide the following examples to illustrate how Treas. Reg. § 301.9100-2 and Temp. Treas. Reg § 22.0(b) serve different purposes:

> 1. Taxpayer files its Form 706 timely and makes an election under Code § 2032A – this should result in a valid election under Treas. Reg. § 20.2032A-8(a)(3). [The Court notes that both parties agree with this];

---

[6] Defendants further point to three Private letter Rulings (PLRs) – PLRs 201224019, 200528019, and 201230023 – where relief was sought *after* the taxpayers filed their Form 706 Returns. (ECF No. 13, Defs.' Mot. PageID.107, citing Exs. 9, 10, 11, PageID.159-62, 164-66, 168-70.) However, as Plaintiff correctly points out, (and as discussed more fully *infra*), PLRs may not be used or cited to as precedent, and the three PLRs Defendants rely on are inapposite because they reflect actions on requests for relief under § 301.9100-3 when the requirements for § 301.9100-2 were not met. (ECF No. 15, Pl.'s Resp., PageID.336-37.)

2.  Taxpayer files its Form 706 timely and fails to make an election under Code § 2032A, but amends its tax return (which is not under examination by the IRS) within twelve-months of the tax return deadline (including extensions) to include the election under Code § 2032A – this should result in a valid election under Treas. Reg. § 301.9100-2(a)(1);

3.  Same facts as #2 except Taxpayer's original tax return is under examination by the IRS – this should result in an invalid, rejected election under the Treas. Reg. § 301.9100-2(a)(2)(vii);

4.  Taxpayer files its Form 706 one month late and fails to make an election under Code § 2032A but amends its late tax return within twelve-months of the original tax return (including extensions) deadline to include the election under Code § 2032A – this should result in a valid election under the last sentence of Treas. Reg. § 301.9100-2(a)(1);

5.  Taxpayer files its Form 706 five years late and makes an election under Code § 2032A (on the first filed late tax return) – this should result in a valid election under Temp. Treas. Reg. § 22.0(b) – [The Court notes that this example is analogous to the present case];

6.  Taxpayer files its Form 706 four years late and fails to make an election under Code § 2032A with the late tax return but immediately attempts to amend the late filed tax return to make the election – this should result in an invalid, rejected election because the election was not made with the first filed late tax return under Temp. Treas. Reg. § 22.0(b) and the twelve-month extension from the original due date of the tax return has expired under Treas. Reg. § 301.9100-2.

(ECF No. 17, Defs.' Reply, fn.3, PageID.444-45.) The Court finds that these examples are persuasive.

Defendants further contend that not permitting them to make a special use valuation election on a late filed tax return is unjust and inconsistent with Congress'

and the IRS's intent, and Defendants point out that taxpayers are already penalized (monetarily) under the tax code for filing late tax returns and paying late taxes,[7] but that they are not precluded from taking deductions on those late-filed returns, and should likewise not be precluded from making special use valuation elections. (ECF No. 16, Defs.' Resp., PageID.396.)

The Court finds that Defendants' argument that the regulations are not mutually exclusive is more persuasive. Rather, applying the rules of regulatory construction set forth by the Sixth Circuit Court of Appeals in *Saginaw Chippewa Indian Tribe of Michigan*, *supra*, the Court offers that a fair reading of the regulations is as follows:

- Section 20.2032A-8(a)(3) first set the time, or "due date," for making an election under § 2032A, stating that the election "is made by attaching [the election] to a *timely filed* estate tax return" – which is nine months after decedent's death (or with a six-month extension). The parties agree on this.

- Section 22.0(b) next expressly modified § 20.2043A-8(a)(3) and amended that "due date" by stating that "the election shall be valid even if the estate tax return is not timely filed," thereby extending the "due date" for the election to the date the estate tax return is first filed, "even if" it is filed late.

---

[7] Under Section 6651(a)(1), for every month that a federal estate tax return is late, the IRS must impose a penalty of 5 percent of the tax due, up to a maximum of 25 percent for returns more than four months delinquent, unless it's shown that the failure to timely file is "due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1).

So, in effect, § 20.2032A-8(a)(3), as expressly modified by § 22.0(b), can be read as:

> **(3) Time and manner of making election.** An election under this section is made by attaching to a [] filed estate tax return[, even if the estate tax return is not timely filed,] the agreement described in paragraph (c)(1) of this section and a notice of election with contains the following information: ….

- Section 301.9100-2 then separately provides that a taxpayer is automatically entitled to a 12-month *extension* of time to make a special use election under § 2032A(d)(1) "from the due date for making" that election "where the Internal Revenue Service (IRS) has not yet begun an examination of the *filed* return," which permits a taxpayer to take corrective action to make an election, within 12 months of the due date of a return, when he initially files a tax return without making an election.

This interpretation largely conforms to the text of the regulations themselves.

The Court concludes that Defendants therefore made a timely § 2032A special valuation election when they included that election on their first-filed Form 706 tax return, even though that return was filed five years late.

### E.    Informal Guidance Regarding a § 2032A Election

Defendants correctly note that Plaintiff cites zero legal authority for its arguments that Temp. Treas. Reg. § 22.0(b) has been superseded by Treas. Reg. § 301.9100-2, or that a taxpayer is prohibited from making an election on a late-filed tax return (beyond 12 months after the due date for the return), so long as the special use valuation election is made on the first filed return. (ECF No. 16, Defs.' Resp., PageID.396.) Defendants agree that there is no case law on point addressing this

issue, and that no court has in fact ever evaluated or examined Temp. Treas. Reg. §

22.0(b).  (ECF No. 16, Defs.' Resp., PageID.397.) The Court similarly has not found

any case law touching on Temp. Treas. Reg. § 22.0(b).[8]

Defendants submit that, although there is no case law on point addressing

Temp. Treas. Reg. § 22.0(b), there are other sources that provide guidance in support

of Defendants' argument that they properly filed the special use valuation election

on their late-filed Form 706 return. Specifically, Defendants point to a Private Letter

Ruling by the IRS and the Form 706 tax return Instructions. Defendants further point

to a number of secondary sources (various tax reporters and publications) which

---

[8] The Court notes only that the Tax Court has issued decisions recognizing that §
2032A was amended in 1981 "to allow the election of special use valuation to be
made on the first estate tax return filed by the estate, whether or not timely filed."
*Estate of Johnson*, 89 T.C. 127, 130 (1987); *Estate of Rothpletz v. C.I.R.*, T.C.
Memo. 1987-310, 1987 WL 49207 (1987). Those decisions, however, were rendered
before Treas. Reg. § 301.9100-2 was promulgated.

In addition, the Tax Court, like the Bankruptcy Court, is an Article I court.
"[W]hile the Tax Court's opinions ... may be illustrative, they have no precedential
value in law ...." *Klein v. United States*, 94 F. Supp. 2d 838, 844, 846 (E.D. Mich.
2000); *see also Rhoades, McKee & Boer v. United States*, 822 F. Supp. 445, 449
(W.D. Mich. 1993) (citation omitted), *aff'd in part and rev'd in part on other
grounds*, 43 F.3d 1071 (6th Cir. 1995) ("Decisions of the Tax Court do not bind
district courts. They are, however, entitled to considerable weight."). The United
States Supreme Court has counseled that, "[w]hile [the Tax Court's] decisions may
not be binding precedents for courts dealing with similar problems, uniform
administration would be promoted by conforming to them where possible." *Dobson
v. Comm'r*, 320 U.S. 489, 502 (1943).

generally state that "[t]he election may be made on a late-filed return, so long as it is made on the first estate tax return filed by the estate," citing § 22.0(b), and which then separately discuss an extension to make such an election, citing § 301.9100-2. (ECF No. 16, Defs.' Resp., citing ECF Nos. 16-5 to 16-8.)

### 1.    2010 Private Letter Ruling

Defendants contend that the IRS has interpreted Temp. Treas. Reg. § 22.0(b) in a Private Letter Ruling (PLR) issued in 2010, PLR 201015003, 2010 WL 1511511 (Apr. 16, 2010), and that this PLR is "directly on point" and "further supports Defendants' position that an election under Section 2032A is valid when attached to a first filed late tax return." (ECF No. 13, Defs.' Mot., PageID.105-06.)

A private letter ruling, or PLR, is a written statement issued to a taxpayer that interprets and applies tax laws to the taxpayer's represented set of facts. A PLR is issued at the request of an individual taxpayer, and is binding only on the taxpayers to whom it is issued. *Estate of Smith v. U.S.*, 103 Fed. Cl. 533, 565 (2012) (citation omitted); *see also Amergen Energy Co. v. United States*, 94 Fed. Cl. 413, 418 (2010) ("'Taxpayers other than those to whom such [private letter] rulings or memoranda were issued are not entitled to rely on them.'") (citation omitted)).

In PLR 201015003, cited by Defendants, the taxpayer's Form 706 tax return, with special use valuation election under § 2032A, was first filed six years after the

decedent's death. 2010 WL 1511511 (I.R.S. PLR 2010). The taxpayer requested a ruling from the IRS, in part, as to whether "[t]he estate is entitled to elect special use valuation for the farm property under § 2032A on the Form 706 filed" six years after the decedent's death. *Id.* The IRS ruled that, pursuant to: (1) § 2032A(d)(1), which provides that an election shall be made on the return of tax imposed by § 2001 and in such manner as the Secretary shall by regulations prescribe; (2) § 22.0(b), which provides that the election shall be valid even if the estate tax return is not timely filed; and (3) the Form 706 Instructions, which provide that an election under § 2032A may be made on a late return so long as it is the first filed return, that "the estate is entitled to elect special use valuation for the farm property under § 2032A on the Form 706 filed" six years late. *Id.*

Defendants assert that this PLR is directly on point and supports their position that their special use election is valid in this case because it was included on their first-filed form 706 Tax Return, even though that return was filed five years late.

Plaintiff correctly asserts that PLRs are not binding authority and "may not be used or cited to as precedent." (ECF No. 14, Pl.'s Mot., PageID.196, citing *Delek US Holdings, Inc. v. United States*, 32 F.4th 495, 502 (6th Cir. 2022); 26 U.S.C. § 6110(k)(3) (stating that unless otherwise established by regulation, an IRS "written determination may not be used or cited as precedent.").)

34

Defendants agree that PLRs issued by the IRS are not binding, but argue that, in light of the absence of judicial interpretation of § 22.0(b), reviewing how the IRS interprets that Temporary Regulation "'reveal[s] the interpretation put upon the statute by the agency charged with the responsibility for administering the revenue laws.'" (ECF No. 16, Defs.' Resp., PageID.397-98, quoting *Hanover Bank v. C.I.R.*, 369 U.S. 672, 686 (1962).)

Plaintiff somewhat concedes in its motion that "at best, a non-binding ruling from [the] IRS should be followed 'only to the extent that [it has] the "power to persuade."'" (ECF No. 14, Pl.'s Mot., PageID.196, quoting *OfficeMax, Inc. v. United States*, 428 F.3d 583, 595 (6th Cir. 2005)). Plaintiff then argues, nonetheless, that the Court should not "follow" this PLR because, aside from being non-binding, the ruling is perfunctory and without analysis, and it fails to address Treas. Reg. § 301.9100-2. (ECF No. 14, Pl.'s Mot., PageID.196.)

Defendants contend that PLR 201015003 is persuasive, instructive, and a reasonable interpretation of the IRS's position in connection with Temp. Treas. Reg. § 22.0(b). First, Defendants point out that the PLR was issued in 2010, long after Reg. § 301.9100-2 was enacted in 1997, and thus they contend that the PLR would have addressed that regulation if it was applicable to the facts in that matter. Defendants further contend that § 301.9100-2 is not mentioned in the PLR because,

under Defendants' view, § 301.9100-2 is used exclusively when a Form 706 tax return has already been filed, which was not the case in matter at issue in the PLR, and is not the case here. (ECF No. 17, Defs.' Reply, PageID.439-40.)

Second, the PLR deals with an estate filing a Form 706 tax return six years late, which Defendants assert is "identical" to the facts in this case. Defendants contend that this PLR is evidence of administrative interpretation and reveals that the IRS believes that Temp. Treas. Reg. § 22.0(b) is still valid and applicable for elections attached to a late-filed Form 706 tax return (even if it is filed over six years late). (ECF No. 16, Defs.' Resp., PageID.398.)

The Court finds, in light of the complete absence of interpretation of Temp. Treas. Reg. § 22.0(b) by any court, that PLR 201015003 is at least persuasive authority supporting Defendants' arguments in this case regarding the IRS's interpretation of the applicability of § 22.0(b) under facts almost identical to this case. *See Glass v. Comm'r*, 471 F.3d 698, 709 (6th Cir. 2006) (acknowledging that under Section 6110(k)(3), a Private Letter Ruling cannot be used as precedent, but nonetheless commenting that "a recent [private letter] ruling provides persuasive authority for refuting the Commissioner's argument" in that case); *Davis v. C.I.R.*, 716 F.3d 560, 569 n.26 (11th Cir. 2013) ("Although the IRS's private letter rulings are not binding precedent, we are entitled to give them persuasive authority because

they "do reveal the interpretation put upon the statute by the agency charged with the responsibility of administering the revenue laws.") (internal and end citations omitted); *Thom v. United States*, 283 F.3d 939, 943 n.6 (8th Cir. 2002) ("Although private letter rulings have no precedential value and do not in any way bind this court, 26 U.S.C. § 6110(k)(3), we believe they are an instructive tool that we have at our disposal.").

## 2.    Form 706 Instructions

Defendants also contend that the Form 706 Instructions support their argument that the special use election on their late-filed Form 706 Return is valid.

The 2003 Form 706 Instructions (which is the tax return filed by the Estate in this case) state in the "Elections by the Executor" section, that:

> Under Section 2032A, you may elect to value certain farm and closely held business real property at its farm or business use value rather than its fair market value …. ***You may make the election [under Code § 2032A] on a late filed return as long as it is the first return filed***.

(ECF No. 13, 2003 Form 706 Instructions, PageID.136 (emphasis added).) This language in the Instruction mirrors the language contained in the House Ways and Means Committee's report when it amended § 2032A in 1981 to remove the requirement that the special use valuation election be attached to a "timely filed estate tax return" (ECF No. 14-4, H.R. Rep. No. 97-201, at 171 (July 24, 1981), PageID.284), and the language in the Instructions has remained unchanged since

37

1988. (ECF No. 13, Exs. 4, 5, 6, 2021 Form 706 Instructions, PageID.136, 139, 142.) (ECF No. 17, Defs.' Reply, PageID.439, citing https://www.irs.gov/forms-pubs/about-form-706).)

Defendants contends that these instructions "echo" Temp. Treas. Reg. § 22.0(b) and provide further support for their position that their election in this case is valid. (ECF No. 13, Defs.' Mot., PageID.105.)

Plaintiff contends that the Form 706 Instructions do not mean that an election can be late or that an election may be filed on any return no matter how late it is filed. (ECF No. 14, Pl.'s Mot., PageID.197.) Plaintiff argues that the Instruction instead "restates what § 301.9100-2 provides, that an *election* can be timely 'regardless of whether the taxpayer timely filed its *return*.'" (*Id.* citing § 301.9100-2(a)(1) (emphases added).) Plaintiff further argues that, to the extent there is any confusion between the Instructions and the regulations, the regulations control. (*Id.*)

Defendants respond that, contrary to Plaintiff's assertion, the Form 706 Instructions are not meant to "restate" Treas. Reg. § 301.9100-2 because: (1) the applicable Form 706 instruction does not reference § 301.9100-2, whereas the instructions immediately prior on the Form 706 Instructions do specifically reference Treas. Reg. §§ 301.9100-1 and 301.9100-3; and (2) the specific Form 706 Instruction at issue predates Treas. Reg. § 301.9100-2, and thus it could not have been not

38

written to "follow" that later-drafted regulation. (ECF No. 16, Defs.' Mot., PageID.399.)

The Court finds that the Form 706 Instructions are, at a minimum, instructive on the IRS's position with respect to Temp. Treas. Reg. § 22.0(b) and making an election on a late-filed estate tax return, and thus lend further support for Defendants' position.

The Court therefore concludes, based on its analysis of the applicable statutory and regulatory provisions, and as supported by the informal guidance above, that Defendants made a timely special use valuation election for the Estate's farm property under § 2032A of the Internal Revenue Code on the Form 706 tax return filed on February 10, 2010 – the "first estate tax return filed by the estate." While Plaintiff argues that there should be a deadline for filing a Form 706 tax return with a § 2032A special use valuation election, the Court notes that such a requirement is for the Secretary to decide and promulgate, pursuant to 26 U.S.C. § 2032A.

**F.    Defendants' Request for Final Relief is Premature**

Finally, unlike Plaintiff, Defendants here did not file a motion for *partial* summary judgment (as provided for in the Scheduling Order (ECF No. 12, providing for a "partial dispositive motion")), but rather filed a motion for summary judgment,

arguing that the Court should find there is no genuine issue of material fact in this case and dismiss Plaintiff's complaint in its entirety, with prejudice. (ECF No. 13, Defs.' Mot., PageID.108-09.)

Plaintiff contends in its Response to Defendants' motion for summary judgment that it is premature to grant Defendants' request for final relief – namely an order dismissing all of the United States' claims – because the Court's scheduling order clearly only allows for a "[p]artial dispositive motion on timeliness of § 2032A election," and thus leaving the other issues, including eligibility, valuation, liability, and relief, for later dispositive motions after discovery. (ECF No. 15, Pl.'s Resp. PageID.337-38.) Plaintiff contends that, regardless of how the Court rules on timeliness, the Court has jurisdiction to determine other issues pertaining to the correct amount of tax. (*Id.*)

The Court agrees with Plaintiff and declines to grant Defendants summary judgment on Plaintiff's claims and dismiss this case, because, even though the Court agrees that the Estate made a timely special use valuation election on its late-filed Form 706 tax return, issues regarding the properties' valuation and relief must still be decided.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for partial summary judgment on timeliness of § 2032A election (ECF No. 14), and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment (ECF No. 13). Defendants' special use valuation election on the Estate's late-filed Form 706 tax return is timely, but the Court declines to dismiss Plaintiff's Complaint.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: November 18, 2022